# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JACOB JEROME TAYLOR,
ADC #132395                                                                PLAINTIFF

V.                        CASE NO. 4:16-CV-868-BRW-BD

HOLLADAY, et al.                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for the objection. Objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive any right to appeal questions of fact.

**II.**  **Background**

Jacob Jerome Tayler is currently an Arkansas Department of Correction inmate. In this civil rights lawsuit, he complains that his life was in danger while he was held at the Pulaski County Detention Facility ("Detention Facility"). After he filed his complaint, Mr. Taylor filed an "affidavit," which the Court deemed a supplement to his complaint.

In his original complaint and the supplement, Mr. Taylor alleged that in October of 2014, Defendants Robinson and Moore threatened to hurt or kill him. He also complained that, on the same day, Defendant Moore ignored him when he told her that he was "about to have a seizure attack." (#5 at p.3)

Based on these allegations, the Court allowed Mr. Taylor to proceed on failure-to-protect claims against Defendants Robinson and Moore and a deliberate-indifference claim against Defendant Moore for failing to provide him adequate medical attention. The Court dismissed Mr. Taylor's remaining claims. (#12) Later, the Court dismissed claims against Defendant Moore based on Mr. Taylor's failure to exhaust his administrative remedies against this Defendant. (#46)

Defendant Robinson has now moved for summary judgment on Mr. Taylor's claim against her. (#84) Although Mr. Taylor has not responded to Defendant Robinson's motion, Mr. Taylor has filed a motion for partial summary judgment, a motion for order, and a motion for a temporary restraining order. (#70, #91, #92) The Court will consider these papers in assessing Defendant Robinson's motion for summary judgment.

### III. Discussion

#### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). As moving party here, Defendant Robinson bears the burden of producing

admissible evidence showing that there is no real dispute. If she offers such evidence, Mr. Taylor is obligated to meet evidence with evidence to avoid summary judgment.

B.  Undisputed Factual History

On July 31, 2014, Mr. Taylor was booked into the Detention Facility. (#85-1 at p.6) On August 12, 2014, he told Lieutenant Bennet that he needed to be placed in protective custody because several inmates in his unit were threatening him. (*Id*. at p.9) As a result, Mr. Taylor was moved to T-Unit for his protection. (*Id*.) The following day, he appeared before the classification board and was placed in protective custody. (*Id*. at p.10) On August 21, August 27, and September 4, the classification board determined that Mr. Taylor should remain in protective custody. (*Id*. at p.11)

On September 8, Mr. Taylor told Deputy McDonald that he wanted inmates Paul Goston and Archie Jones added to his "keep separate list," based on comments made to Mr. Taylor. Deputy McDonald told Mr. Taylor that his "keep separate list" would be updated. (*Id*. at pp.11-12)

On September 10, Mr. Taylor appeared before the classification board and was removed from protective custody. (*Id*. at p.12) On the same date, Mr. Taylor told Deputy Frazier that he wanted to remain in protective custody because he feared being placed in general population. (*Id*. at p.20) Deputy Frazier informed Sergeant Jakes of the situation, and Mr. Taylor remained in protective custody in T-Unit. (*Id*.)

On September 18, Mr. Taylor appeared before the classification board and the board decided to place Mr. Taylor in protective custody. (*Id*. at p.13) On September 24, the classification board again determined that Mr. Taylor should remain in protective

3

custody. (*Id*. at p.15) The following day, Mr. Taylor was placed on suicide watch after he was observed with a sheet tied around his neck. (*Id*.) On October 2, October 8, and October 16, the classification board determined that Mr. Taylor should remain in protective custody. (*Id*. at pp.16-17)

On October 22, Mr. Taylor again appeared before the classification board. The board determined that Mr. Taylor should be removed from protective custody, but remain on "admin. seg. status/full restraints." (*Id*. at p.17) On October 29, November 7, November 13, November 19, November 26, December 4, and December 10, the classification board determined that Mr. Taylor should remain on administrative segregation status. (*Id*. at pp.17-18)

On December 16, 2014, Mr. Taylor was released to the ADC. (*Id*. at p.21) There is no evidence that Mr. Taylor was injured by any Detention Facility officer or inmate during his incarceration at the Detention Facility.

C. Official Capacity Claim

Mr. Taylor sues Defendant Robinson in her official capacity only. (#2 at p.2) An official-capacity claim against Defendant Robinson is, in effect, a claim against Pulaski County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not automatically liable under § 1983 for injuries their employees inflict. Instead, counties can be held liable only when their employees violate a prisoner's rights while carrying out a county policy or custom.[1] *Monell v. New York De't of Soc. Servs.*, 436 U.S. 658,

---

[1] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such

4

694, 98 S.Ct. 2018 (1978). *Id.; Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009). Here, Mr. Taylor does not allege that he suffered any injury as a result of a Pulaski County policy or custom. His official-capacity claim against Defendant Robinson, therefore, should be dismissed.

    D.       Individual Capacity Claim

Although Mr. Taylor did not specifically state that he was suing Defendant Robinson in her individual capacity, the Court will construe Mr. Taylor's amended complaint broadly and address his failure-to-protect claim against Defendant Robinson in her individual capacity.

Here, Mr. Taylor alleges that Defendant Robinson "made several statements out loud and towards [him] that [he would] be beaten to death." (#5 at p.2) Specifically, Mr. Taylor explains that Defendant Robinson stated, "Jacob Taylor going to have a [d]eath [t]ag put on him, he going to be 'killed for [r]ape.'" (*Id.*) In addition, Mr. Taylor alleges that Defendant Robinson told Mr. Taylor "she don't like [r]apist[s]," and stated that she would "kill [his] Aunt Debra Matthews" (*Id.* at pp.2-3)

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. See *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to establish this constitutional violation, Mr. Taylor must prove that his incarceration at the Detention

---

matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902-903.

5

Facility posed a substantial risk of serious harm (objective component), and that Defendant Robinson actually knew of, or was deliberately indifferent to, the risk Mr. Taylor faced, but disregarded that risk (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).[2]

It is undisputed that Mr. Taylor was assigned to protective custody at the time the alleged incident involving Defendant Robinson occurred. Furthermore, it is undisputed that Mr. Taylor was not injured by Defendant Robinson or any other officer or inmate during his incarceration at the Detention Facility. Each time Mr. Taylor requested either that specific inmates be placed on his "keep separate list" or that he be placed in protective custody, Detention Center officials immediately responded to Mr. Taylor's requests.

Furthermore, Defendants present grievance papers that Mr. Taylor submitted on September 21, 2014. In that grievance, Mr. Taylor alleges that Defendant Robinson was going to pay other inmates to fight and kill him. (#85-2 at pp.2; 17) When the grievance was being investigated, Mr. Taylor allegedly told Sergeant Ware that "he is a paranoid schizophrenic and that he was wrong about his accusations." (*Id.* at pp.2, 18)

---

[2] The Fourteenth Amendment applies to a failure-to-protect claim brought by a pretrial detainee, while the Eighth Amendment applies to a failure-to-protect claim brought by a convicted prisoner. However, the Eighth Circuit has held that the deliberate indifference standard applies to a failure to protect claim brought under either the Fourteenth or Eighth Amendment. *Holden v. Hirner,* 663 F.3d 336 (8th Cir. 2011); *Schoelch v. Mitchell,* 615 F.3d 1041, 1046 (8th Cir. 2010).

Although this Court must rule on a motion for summary judgment after viewing the facts in the light most favorable to Mr. Taylor, it is not required to "accept unreasonable inferences or sheer speculation as fact." *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir.), cert. denied, 543 U.S. 956, 125 S.Ct. 436, 160 (2004). Based on the evidence presented here, no reasonable jury could believe Mr. Taylor's version of events. Because the evidence Mr. Taylor offers amounts to "[m]ere allegations, unsupported by specific facts or evidence beyond [Mr. Taylor]'s own conclusions, [he cannot] withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). Accordingly, Defendant Robinson is entitled to judgment as a matter of law.

## IV. <u>Conclusion</u>

The Court recommends that Defendant Robinson's motion for summary judgment (#84) be GRANTED. Mr. Taylor's claims against Defendant Robinson should be DISMISSED, with prejudice. In addition, Mr. Taylor's pending motions (#70, #91, #92) should be DENIED, as moot.

DATED, this 8th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE